# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DOUGLAS HALBRUCKER,**

          Plaintiff,

    **-vs-**

**Case No. 06-C-796**

**WASTE MANAGEMENT OF WISCONSIN, Inc., subsidiary, and WASTE MANAGEMENT, INC., parent corporation,**

          Defendants.

## DECISION AND ORDER

The plaintiff Douglas Halbrucker ("Halbrucker") brought this action alleging claims under the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Plaintiff failed to effectuate proper service on one of the defendants, Waste Management of Wisconsin, Inc. ("Waste Management of Wisconsin"), within 120 days as required by Fed. R. Civ. P. 4(m). After the Court sent the plaintiff a letter requesting proof of service, both defendants (Waste Management of Wisconsin and Waste Management, Inc.) moved to dismiss for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Instead of responding to this motion, Halbrucker moved to voluntarily dismiss the complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

Both parties agree that the complaint must be dismissed, and both explicitly agree that the FMLA claim should be dismissed without prejudice. Defendants argue that plaintiff's

ADA claims should be dismissed with prejudice because the statute of limitations has expired on that claim. Plaintiff concedes that the ADA claim is now time-barred, but the Court will refrain from dismissing the claim with prejudice. If the parties' averments are true, this dismissal will have the same effect as a dismissal with prejudice. To make such a ruling at this juncture is unnecessary and would amount to an advisory opinion.

However, plaintiff's motion to voluntarily dismiss his complaint must also be addressed. Plaintiff expends a great deal of energy attempting to shift blame to the defendants for his own failure to effect proper service. This appears unnecessary given that the parties are substantially in agreement with regard to the need to dismiss this action and the effect the dismissal will have on subsequent litigation. However, plaintiff emphasizes in his motion that the parties should *bear their own costs*. Accordingly, plaintiff's motion is a rather transparent attempt to preclude defendants from becoming a "prevailing party" in this action, thus avoiding the standard cost-shifting provisions set forth in the federal rules. *See* Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course *to the prevailing party* unless the court otherwise directs") (emphasis added).

The Court denies plaintiff's motion for voluntary dismissal as an unnecessary waste of judicial resources. Costs will be taxed according to the normal procedure.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss for insufficient service of process [Docket No. 12] is **GRANTED**;

2. Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) [Docket No. 14] is **DENIED**; and

3. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**